IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SOFTWRITERS, INC.,

    Plaintiff,

    v.

IND CONSULTING, LLC,

    Defendant.

19cv0321
**ELECTRONICALLY FILED**

# MEMORANDUM ORDER

Presently before the Court is Defendant's Motion to Dismiss Plaintiff's Complaint (ECF 7) and Memorandum of Law in Support of same. ECF 8. Plaintiff filed a Response in Opposition to the Motion to Dismiss (ECF 14) and Defendant filed a Reply Brief. ECF 15. For the reasons set forth below, the Motion will be granted.

## I.    Standard of Review

Under Rule 12(b)(6), a Complaint must be dismissed for "failure to state a claim upon which relief can be granted." Detailed factual pleading is not required – Rule 8(a)(2) calls for a "short and plain statement of the claim showing that the pleader is entitled to relief" – but a Complaint must set forth sufficient factual allegations that, taken as true, set forth a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plausibility standard does not require a showing of probability that a claim has merit, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007), but it does require that a pleading show "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. Determining the plausibility of an alleged claim is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679

1

Building upon the landmark United States Supreme Court decisions in *Twombly* and *Iqbal*, the United States Court of Appeals for the Third Circuit explained that a District Court must undertake the following three steps to determine the sufficiency of a complaint:

> First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013) (citation omitted).

The third step requires this Court to consider the specific nature of the claims presented and to determine whether the facts pled to substantiate the claims are sufficient to show a "plausible claim for relief." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013); *see also Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010) (In reference to third step, "where there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.").

When adjudicating a Motion to Dismiss for failure to state a claim, the Court must view all of the allegations and facts in the Complaint in the light most favorable to the plaintiff, and must grant the plaintiff the benefit of all reasonable inferences that can be derived therefrom. *Kanter v. Barella*, 489 F.3d 170, 177 (3d Cir. 2007) (quoting *Evancho v. Fisher*, 423 F.3d 347, 350 (3d Cir. 2005)). However, the Court need not accept inferences or conclusory allegations that are unsupported by the facts set forth in the complaint. See *Reuben v. U.S. Airways, Inc.*, 500 F. App'x 103, 104 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678); *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (stating that District Courts "must accept all of the Complaint's well-pleaded facts as true, but may disregard any legal conclusions"). "While

legal conclusions can provide the framework of a Complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 664.

This Court may not dismiss a Complaint merely because it appears unlikely or improbable that Plaintiff can prove the facts alleged or will ultimately prevail on the merits. *Twombly*, 550 U.S. at 563 n.8. Instead, this Court must ask whether the facts alleged raise a reasonable expectation that discovery will reveal evidence of the necessary elements. *Id.* at 556. Generally speaking, a Complaint that provides adequate facts to establish "how, when, and where" will survive a Motion to Dismiss. *Fowler,* 578 F.3d at 212.

In short, a Motion to Dismiss should be granted if a party fails to allege facts, which could, if established at trial, entitle him/her to relief. *Twombly*, 550 U.S. at 563 n.8.

## II. Factual and Procedural History

Plaintiff, SoftWriters, a wholly-owned health care services subsidiary of Roper Technologies, Inc. ("Roper"), is a sister company of Managed Health Care Associates, Inc. ("MHA"), which is another health care services company owned by Roper, and is managed and controlled by MHA. ECF 1, ¶ 6.

Plaintiff provides pharmacy management software designed to address the unique complexity of long-term care ("LTC") pharmacy administration through defined, streamlined, end-to-end pharmacy workflows and by facilitating direct connectivity between Long Term Care ("LTC") facilities and the pharmacies that support them. ECF 1, ¶ 7.

Plaintiff's "flagship product," FrameworkLTC®, facilitates the unique day-to-day operations of LTC pharmacies by streamlining both standard processes and nonstandard transactions. ECF 1, ¶ 8.

Plaintiff has developed companion products to FrameworkLTC that integrate with FrameworkLTC, including FrameworkLink™, a web-based solution that allows LTC facility users to view and maintain patient profiles, place drug orders with their LTC pharmacies, maintain non-drug orders, print medical records and perform other administrative functions. ECF 1, ¶ 10.

Plaintiff and Defendant executed three agreements: one dated February of 2010, one date August of 2010 and one dated February of 2017. ECF 1-1, ECF 1-2 and ECF 1-3, respectively. Each of the three agreements begin with paragraph "1" indicating as follows: "[Plaintiff] proposes to disclose certain of its confidential and proprietary information …to [Defendant]."

Plaintiff's Complaint alleges that on June 21, 2017 Defendant met with MHA (Plaintiff's sister company) and "admitted that Defendant has started devolving a software product" which would directly compete with Plaintiff's FrameworkLink™ product. ECF 1, ¶ 41-43. Defendant also allegedly "admitted that that the development" of its competitive product "would not have occurred but for [Defendant's] direct knowledge of the Plaintiff's FrameworkLTC, database and its connection and access to that database." ECF 1, ¶ 45.

Plaintiff's Complaint further alleges that Defendant ". . . connects directly to FrameworkLTC in order to both store and extract information from the data repository." But at "no time has [Plaintiff] ever permitted [Defendant] to directly access FrameworkLTC for use in conjunction with [Defendant's] own product." ECF 1, ¶ 48-49.

The Compliant also states, "[Defendant] admitted that it relied upon and utilized data that it extracted from[Plaintiff's] FrameworkLTC database and its knowledge of FrameworkLink™ in order to create its own . . . product." ECF 1, ¶ 51. "Following these admissions, Plaintiff

reviewed additional information about [Defendant's] product" and discovered that Defendant had "improperly" accessed and used Plaintiff's confidential data. ECF 1, ¶ 53.

## III. Analysis

Defendant's first argument is that the consideration to each of these three agreements was illusory and thus, the agreements are unenforceable.

> "Consideration is, of course, a required element of contract formation." *ATACS Corp.*, 155 F.3d at 665; *see also Shedden v. Anadarko E. & P. Co., L.P.*, 635 Pa. 381, 136 A.3d 485, 490 (2016) ("A contract, either oral or written, may be modified by a subsequent agreement which is supported by legally sufficient consideration, or a substitute therefor, and meets the requirements for contract formation.") "Consideration is 'an act, forbearance, or return promise bargained for and given in exchange for the original promise.'" *Mucci v. Home Depot*, No. 00-4946, 2001 WL 1609851, at *3 (E.D. Pa. Dec. 18, 2001) (quoting *Universal Computer Sys. v. Med. Servs. Ass'n of Pa.*, 474 F. Supp. 472, 477 (M.D. Pa. 1979), *aff'd*, 628 F.2d 820 (3d Cir. 1980)).

*Ecore Int'l, Inc. v. Downey*, 343 F. Supp. 3d 459, 491 (E.D. Pa. 2018)

"[A] promise to perform or forbear from performing must be supported by consideration. If the promise is entirely optional with the promisor, it is illusory, lacks consideration, and is unenforceable." *Lackner v. Glosser*, 892 A.2d 21 (Pa. Super. 2006).

However, "[t]he fact that one party is given an option not accorded to the other does not per se, render such contract void for lack of mutuality of obligation." *Best v. Realty Management Corp.*, 101 A.2d 438, 440 (Pa. Super. 1953). "[T]he mere fact that the option prevents the mutual promises from being coextensive does not prevent both promises from being binding according to their respective terms." *Id.* "Moreover, where . . . the obligations alleged to be illusory have been performed, . . . a claim of lack of mutuality of promises on that basis [is] unwarranted and unreasonable." *In re Estate of Rosser*, 821 A.2d 615, 623 (Pa. Super. 2003).

5

Turning to the matter before this Court, as noted above, Defendant primarily argues that the consideration to each of these three agreements was illusory. Specifically, Defendant contends that none of the three these agreements explicitly set forth any consideration within their respective four corners, and, as such these documents do not obligate Plaintiff to do anything. Defendant further argues that Plaintiff "could possibly share, at [Plaintiff's] sole discretion" confidential and proprietary information, thereby rendering any participation on Plaintiff's part purely optional. ECF 8, p. 9.. As such, Defendant contends the agreements are unenforceable.

Plaintiff responded to Defendant's position by stating that it did, in fact, disclose confidential and proprietary information to Defendant and thus performed the alleged illusory obligation under the agreements thereby rendering the agreements enforceable. Plaintiff claims in its Brief in Opposition to the Motion to Dismiss that "[Defendant] does not contest that [Plaintiff] performed exactly as intended under the August 2010 Agreement. [Plaintiff's] disclosure of Confidential Information made the agreements effective, and conferred a real benefit to [Defendant]." ECF 14, p. 8.

Defendant, in its Reply to Plaintiff's Response, claims that the allegations in Plaintiff's Complaint are insufficient to indicate that the Plaintiff had an obligation under the agreements and that Plaintiff then went on the fulfill the illusory obligation. ECF 15, p. 2-3.

This Court concurs with Defendant that the language of the agreements appears to be illusory with respect to Plaintiff's obligation to Defendant. The language clearly and unambiguously states that Plaintiff "proposes to disclose" secret information, but it is not required to do so.

In addition, the Court further finds that the Complaint itself is less than clear as to whether Plaintiff did, in fact, willingly disclosed to Defendant access to at least some of its confidential and proprietary information. On the one hand, various paragraphs state that Defendant "connects" to Plaintiff through one of Plaintiff's products to "both store and extract information from the data repository." However, it is not clear from the way the Complaint is pled for this Court to unequivocally determine that Plaintiff willingly disclosed to Defendant at least some of Plaintiff's confidential and proprietary information, thereby fulfilling its alleged illusory obligation and triggering the application of *Rosser*.

Furthermore, the Complaint also states that Plaintiff reviewed additional information about [Defendant's] product" and discovered that Defendant had "improperly" accessed and used Plaintiff's confidential data. Simply stated, the Complaint suggests that Defendant by stealth, as opposed to Plaintiff's willing disclosure to Defendant, obtained Plaintiff's confidential data. This sort of allegation would not support a breach of contract claim, because if Plaintiff failed to willingly disclose any proprietary and confidential data to Defendant, the consideration would in fact, be illusory and the contract unenforceable.

## IV. Conclusion

Based on the foregoing law and authority, and finding Plaintiff's Complaint to be ambiguous as to whether Plaintiff actually performed what appears to be an illusory obligation in all three contracts, the Court GRANTS Defendant's Motion to Dismiss WITHOUT PREJUDICE to Plaintiff to refile an Amended Complaint by no later than June 14, 2019. Defendant may file a

responsive pleading thereto by June 20, 2019. The Initial Case Management Conference will proceed as scheduled on June 24, 2019 at 8:30 a.m. in Courtroom 7C.

        SO ORDERED, this 10th day of June, 2019.

        s/Arthur J. Schwab
        United States District Judge
        for the Western District of Pennsylvania

cc:    All ECF Registered Counsel of Record